UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Order Filed on February 25, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re: Fast Track Trading LLC | Case No.: 24-22595 & 25-10470 (MBK) |
| | Chapter: 7 |
| | Hearing Date: March 11, 2025 |
| | Judge: Michael B. Kaplan |

**ORDER TO SHOW CAUSE**

The relief set forth on the following pages, numbered two (2) through __3__ is **ORDERED**.

**DATED: February 25, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter comes before the Court on the involuntary Chapter 7 proceeding (Case No. 24-22595, the "Involuntary Proceeding") and subsequent voluntary Chapter 7 proceeding (Case No. 25-10470, the "Voluntary Proceeding") involving Debtor Fast Track Trading LLC.

The petitioning creditors commenced the Involuntary Proceeding on December 23, 2024, and an Order for Relief was entered on January 29, 2025. On February 21, 2025, the petitioning creditors submitted an email to Chambers advising the Court that the Voluntary Proceeding had been filed on January 16, 2025. The petitioning creditors stated that the Trustee and Debtor's Counsel in the Voluntary Proceeding believed that the Order for Relief was entered in violation of the automatic stay, and the petitioning creditors requested that the Court vacate same and dismiss the Involuntary Proceeding.

This Court hesitates to *sua sponte* dismiss the Involuntary Proceeding given due process considerations and persuasive case law. Several courts have addressed the question of what to do with an involuntary petition when a later voluntary petition is filed. *See, e.g. In re AnthymTV Co.*, 650 B.R. 261, 285 (Bankr. D.S.C. 2023); *In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010); *Matter of Descorp, Inc.*, 1992 WL 29833, at *4 (E.D. Pa. Feb. 12, 1992). This Court's research reveals that the subsequent filing of a voluntary petition while an involuntary petition is pending has been treated "as the functional equivalent of an admission by the debtor that an order for relief should be entered in the involuntary case, with the two matters then being consolidated under the first filed case, thereby maximizing the look-back period . . . and minimizing the possibility of wrongful transactions between the filing of the two cases." *In re Premier*, 427 B.R. at 600.

In this case, both the Involuntary Proceeding and Voluntary Proceeding were filed in the same court and under the same chapter of the Code; therefore, this Court's analysis is somewhat simplified. However, the parallel proceedings create issues regarding the appropriate petition date and Chapter 7 trustee. On this record, the Court is inclined to follow the approach utilized in *In re Premier* and *In re AnthymTV* and treat the voluntary petition as the functional equivalent of a motion to convert the involuntary case to a voluntary case and consolidate both cases and proceed under the Involuntary Proceeding case number and dates.

Accordingly, it is hereby

**ORDERED** that Debtor and the Petitioning Creditors are directed to appear at a hearing on **March 11, 2025 at 11:30am** to show cause as to why the later-filed Voluntary Proceeding should not be consolidated with, and proceed under, the first-filed Involuntary Proceeding case number; and it is further

**ORDERED** that brief supplemental pleadings (no more than 4 pages) may be filed in advance of the hearing and no later than March 7, 2025; and it is further

**ORDERED** that the Order to Show Cause for Failure to File Schedules (ECF No. 17) in the Involuntary Proceeding is ADJOURNED to March 11, 2025 at 11:30 to coincide with the return date of this Order to Show Cause; and it is further

**ORDERED** that the Show Cause hearing will be conducted virtually via Zoom. Parties are directed to use the Zoom Link for Judge Kaplan's Remote Hearings, which is available—along with other information—on Judge Kaplan's page on the Court's website: https://www.njb.uscourts.gov/content/honorable-michael-b-kaplan