**STEVENS & LEE, P.C.**
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
SCOTT S. REVER, ESQ.
JACLYNN N. McDONNELL, ESQ.
scott.rever@stevenslee.com
jaclynn.mcdonnell@stevenslee.com
*Counsel to John M. McDonnell, Esq.,*
*Chapter 7 Trustee for Fast Track Trading LLC*

**Order Filed on June 30, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No: 25-10470 |
| Fast Track Trading LLC, | Judge: MBK |
| Debtor. | Chapter: 7 |

**AMENDED ORDER GRANTING MOTION ESTABLISHING STREAMLINED PROCEDURES GOVERNING CERTAIN ADVERSARY PROCEEDINGS COMMENCED BY THE CHAPTER 7 TRUSTEE PURSUANT TO SECTIONS 502, 542, 544, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED.**

**DATED: June 30, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the Motion for Entry of an Order Establishing Streamlined Procedures Governing Certain Adversary Proceedings Brought by the Trustee Pursuant to Sections 502, 542, 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "Procedures Motion"), filed by John M. McDonnell, Esq., in his capacity as Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, seeking entry of an order (this "Procedures Order") pursuant to sections 105(a) and 105(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012, 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1 and 9019-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), establishing streamlined procedures governing certain adversary proceedings commenced by the Trustee pursuant to sections 502, 542, 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "Avoidance Actions"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having considered the Procedures Motion and any objections or responses thereto; and due and proper notice of the Procedures Motion having been provided; and the Court having determined that the relief requested is necessary and appropriate to promote the efficient administration of the estate and the orderly adjudication of the Avoidance Actions; and sufficient cause appearing therefor; it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, **GRANTED** in all respects as set forth herein; and it is further

**ORDERED**, the following Procedures shall govern certain Avoidance Actions commenced by the Trustee in the above-captioned bankruptcy case:

**A. Applicability of Procedures Order**

1. This Procedures Order shall apply to certain Defendants named in the Avoidance Actions commenced by the Trustee.

2. These Procedures shall **not apply** to avoidance claims asserted against insiders or employees of the Debtor; provided, however, that the Trustee expressly reserves all rights to seek separate procedures governing such actions at a later date.

3. Nothing contained herein shall alter, impair, waive, or otherwise affect any Defendant's right to seek a jury trial, move to withdraw the reference, challenge the Court's authority to enter final judgment, or otherwise seek relief pursuant to 28 U.S.C. § 157, and all such rights are expressly preserved unless otherwise agreed in a responsive pleading or stipulation.

**B. Extensions to Answer or Respond to Complaints**

4. The deadline for each Defendant to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C. Waiver of Initial Pretrial Conference Requirements**

5. Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rule 7016-1, is hereby modified and waived with respect to the initial pretrial conference requirements applicable to the Avoidance Actions unless otherwise ordered by the Court. Accordingly, neither the Trustee nor any Defendant shall be required to appear at an initial pretrial conference absent further order of the Court..

**D. Waiver of Rule 26(f) Scheduling Requirements**

6. Federal Rule of Civil Procedure 26(f), made applicable by Bankruptcy Rule 7026 and Local Rule 7016-1 relating to pretrial scheduling conferences and discovery plans, shall be waived with respect to the Avoidance Actions except as otherwise expressly provided herein. Accordingly, the parties shall not be required to submit Rule 26(f) reports or joint scheduling orders unless otherwise directed by the Court or required pursuant to this Procedures Order.

**E. Discovery and Mediation Procedures**

7. Formal discovery in each Avoidance Action shall be stayed pending conclusion of the mediation process; provided, however, that nothing herein shall preclude the Trustee and any applicable Defendant from voluntarily exchanging documents or information in an effort to resolve the applicable Avoidance Action prior to or during mediation.

8. Nothing herein shall preclude any party from requesting limited pre-mediation formal discovery. If any party requests pre-mediation formal discovery:

   i. If the non-requesting party consents, the parties shall conduct a conference pursuant to Federal Rule of Civil Procedure 26(f), made applicable by Bankruptcy Rule 7026, and submit a proposed discovery scheduling order to the Court providing for completion of fact and expert discovery in advance of mediation; or

   ii. If the non-requesting party does not consent:

      a. the requesting party may seek relief from the discovery stay by filing a letter application, not exceeding two (2) pages exclusive of exhibits, with copies simultaneously provided to chambers and opposing counsel;

      b. any response thereto shall be filed within two (2) business days and likewise shall not exceed two (2) pages exclusive of exhibits;

      c. the Court shall determine whether further proceedings, including a conference or formal motion practice, are necessary; and

      d. following resolution of the dispute, the parties shall either continue informal discovery and mediation efforts or conduct a Rule 26(f) conference and submit a proposed scheduling order.

9. All Avoidance Actions subject to this Procedures Order shall participate in mandatory, non-binding mediation pursuant to D.N.J. LBR 9019-2 and the procedures set forth herein.

10. Within fourteen (14) days after filing a responsive pleading, each Defendant shall notify the Trustee *in writing* of the mediator selected for the applicable Avoidance Action. If a Defendant fails to timely designate a mediator, the Trustee shall have the authority, in his sole discretion, to designate a mediator on such Defendant's behalf.

11. Mediators shall be selected solely from the list attached hereto as **Exhibit A**.

12. Mediation sessions shall be conducted by video conference otherwise agreed by the parties and the Mediator.

13. The Mediator shall provide available mediation dates to counsel for the Trustee, who shall thereafter circulate proposed dates to counsel for the applicable Defendant. Mediation sessions shall be scheduled on a first-come, first-served basis.

14. Defendants shall receive no less than twenty-one (21) calendar days' written notice of the date and time of mediation.

15. No later than seven (7) calendar days prior to mediation, the parties shall exchange mediation position statements and provide copies to the Mediator. Any party may separately provide confidential submissions directly to the Mediator. The Mediator shall have discretion to determine the format, sequence, and scope of the mediation proceedings and may implement such additional procedures as the Mediator deems reasonable and appropriate under the circumstances.

16. All parties shall participate in mediation in good faith with the objective of resolving the applicable Avoidance Action. At least one attorney for each party, together with a representative possessing full settlement authority, shall attend and participate in the mediation.

17. Failure to timely submit required materials, appear for mediation, participate in good faith, or otherwise comply with this Procedures Order may, in addition to the remedies set forth in D.N.J. LBR 9019-2(j), result in sanctions, including dismissal, entry of default, fee-shifting, or such other relief as the Court deems appropriate.

18. The fees and expenses of the Mediator shall be shared equally by the parties on a per-case basis as follows:

   a. for Avoidance Actions seeking recovery of $10,000 up to $25,000, the mediation fee shall be fixed at $3,000.00, with each side responsible for $1,500.00;

   b. for Avoidance Actions seeking recovery of more than $25,000 up to $75,000, the mediation fee shall be fixed at $5,500.00, with each side responsible for $2,750.00; and

   c. for Avoidance Actions seeking recovery in excess of $75,000, the mediation fee shall be fixed at $7,500.00, with each side responsible for $3,750.00.

19. Each party shall remit its respective share of the mediation fee no later than seven (7) calendar days prior to the scheduled mediation date.

20. Failure to timely remit the required mediation fee may result in adjournment of the mediation, sanctions, or such other relief as the Court deems appropriate.

21. All proceedings, submissions, communications, and writings incident to mediation shall remain privileged and confidential pursuant to D.N.J. LBR 9019-2 and applicable law and shall not be admissible in any proceeding absent further order of the Court.

22. Absent prior written consent of all parties, no Mediator shall preside over an Avoidance Action in which the Mediator's law firm represents a party. If a Mediator's law firm represents a defendant in a separate Avoidance Action, the Mediator shall establish and maintain an effective ethical screen.

23. Provided such ethical screen is properly implemented and maintained, the Mediator's participation shall not constitute a conflict of interest arising solely from the law firm's involvement in a separate Avoidance Action; provided, however, that nothing herein shall limit, impair, or prejudice any defendant's right to object to the appointment of a Mediator for cause pursuant to paragraph 32 of this Procedures Order and D.N.J. LBR 9019-2(c)(2).

## F. Post-Mediation Procedures

24. Following conclusion of the mediation process, the Mediator shall file and serve the mediation report required under D.N.J. LBR 9019-2 within seven (7) days, which report shall indicate solely whether the applicable Avoidance Action settled or did not settle.

25. In the event mediation is unsuccessful, the Trustee shall contact the Court within thirty (30) days following the filing of the mediation report to request a pretrial conference for purposes of establishing a coordinated discovery schedule applicable to the Avoidance Actions. In light of the volume of Avoidance Actions and the substantially similar factual and legal issues presented therein, coordinated discovery and litigation procedures are necessary to promote efficiency, discourage unnecessary delay, conserve estate resources, and facilitate the orderly adjudication of the proceedings.

26. Except as otherwise expressly provided herein, the deadlines and procedures set forth in this Procedures Order may be modified by further order of the Court upon motion and for good cause shown or pursuant to stipulation filed by the affected parties.

27. The Local Rules shall apply to all Avoidance Actions except to the extent inconsistent with this Procedures Order, in which event this Procedures Order shall govern.

**G. Objections to this Procedures Order**

28. Any Defendant who objects to the procedures established by this Order shall file and serve a written objection within thirty (30) days after service of this Procedures Order. Any objection not timely asserted shall be deemed waived, and the Defendant shall be bound by the procedures set forth herein.

29. Upon the timely filing of an objection, the Court shall schedule a hearing to consider and adjudicate the merits of the objection. Unless otherwise ordered by the Court or as agreed by the parties, the filing of an objection shall not stay the effectiveness or application of this Order.

30. The Trustee shall serve a copy of this Order on each Defendant together with the Summons and Complaint, or, if service of the Procedures Order cannot be accomplished simultaneously, as soon as reasonably practicable thereafter.

31. Any mediator selected pursuant to this Order shall run conflicts checks pursuant to D.N.J. LBR 9019-2(c)(1) and, in the event of a conflict, shall abstain from the particular mediation and shall promptly file a certification with the Court disclosing the nature of such conflict, relationship, or connection and shall serve the certification upon all parties in interest.

32. Any Defendant may object to the appointment of a mediator pursuant to D.N.J. LBR 9019-2(c)(2) by filing a written objection with the Court within ten (10) days after the later of (a) service of notice of the mediator's selection, and (b) service of a certification in paragraph 31. The objection shall specifically set forth the grounds constituting cause. The Court shall determine the objection and, if the objection is sustained, shall appoint a substitute mediator.

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or relating to the implementation, interpretation, and enforcement of this Procedures Order.

# Exhibit A

# LIST OF APPROVED MEDIATORS

Pursuant to the Procedures Order, the following individuals have been approved by the Court and shall be eligible to serve as mediators in connection with the Avoidance Actions:

- **Peter Broege**, *Broege Neumann Fischer & Shaver, LLC*
- **Joseph DiPasquale**, *Fox Rothschild LLP*
- **Nancy Isaacson**, *Greenbaum Rowe Smith & Davis LLP*
- **Hon. Donald H. Steckroth (Ret)**, *Cole Schotz P.C.*

Within fourteen (14) days after filing a responsive pleading, each Defendant shall notify the Trustee *in writing* of the mediator selected from the foregoing list. If a Defendant fails to timely designate a mediator, the Trustee shall have the authority to designate a mediator on such Defendant's behalf in accordance with the Procedures Order.

The foregoing mediators were selected based upon their substantial experience in bankruptcy, insolvency, avoidance litigation, commercial disputes, mediation, and complex restructuring matters. Limiting the pool of available mediators to individuals familiar with the common factual and legal issues underlying the Avoidance Actions is intended to promote efficiency, reduce administrative expense, streamline the mediation process, and facilitate the prompt, orderly, and cost-effective resolution of the Avoidance Actions.